IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| James Foley, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 16 C 1835 |
| Nationwide Recovery Service, Inc., a Tennessee corporation, | ) ) ) ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, James Foley, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, James Foley ("Foley"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect delinquent consumer debts that he allegedly owed for medical services.

4. Defendant, Nationwide Recovery Service, Inc. ("NRS"), is a Tennessee corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, NRS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant NRS is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant conducts business in Illinois.

6. Defendant NRS is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Department of Professional Regulation, attached as Exhibit B. In fact, Defendant acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

7. On February 14, 2013, Mr. Foley and his wife filed a Chapter 13 bankruptcy petition in a matter styled In re: Foley, N.D. Ill. Bankr. No. 13-05514, which on August 25, 2015, was converted to a Chapter 7 bankruptcy. Among the creditors listed on the Foleys' Schedule of Post-Petition Debts, that were included in the converted bankruptcy, was Dr. Daniel Weber, see, excerpt of the Schedule attached as Exhibit C.

8. Accordingly, on August 29, 2015, the creditor doctor was sent, via US Mail, notice of the bankruptcy by the court, see, the Certificate of Service to the Notice

2

of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines, which is attached as Exhibit D.

9. On December 8, 2015, Mr. Foley and his wife received a discharge of their debts form the bankruptcy court, and on December 10, 2015, the creditor doctor was sent notice by the bankruptcy court of this discharge via US Mail, see, the Certificate of Service to the Discharge of Debtors, which is attached as Exhibit E.

10. Nonetheless, Defendant NRS sent Mr. Foley collection letters, dated January 21, 2016 demanding payment of the debts he allegedly owed to the creditor doctor prior to the bankruptcy. Copies of these letters are attached as Group Exhibit F.

11. Plaintiff's bankruptcy is a matter of public record, is on his credit reports, is in the files of the creditor doctor, and is readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services such as Lexis/Nexis' Banko.

12. All of Defendant NRS's collection actions at issue in this matter occurred within one year of the date of this Complaint.

13. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Is Not Owed

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the

3

collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

16. Demanding payment of a debt that is no longer owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA. Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

17. Defendant NRS's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

20. Here, the bankruptcy and the notices issued by that court (Exhibits D and E) provided notice to cease communications and cease collections. By communicating regarding these debts and demanding payment (Group Exhibit F), Defendant violated § 1692c(c) of the FDCPA.

21. Defendant NRS's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, James Foley, prays that this Court:

1. Find that Defendant NRS's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Foley, and against Defendant, for actual and statutory damages;

3. Award Plaintiff his costs and reasonable attorneys' fees; and,

4. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, James Foley demands trial by jury.

                                          James Foley,

                                          By:/s/ David J. Philipps___
                                          One of Plaintiff's Attorneys

Dated: February 1, 2016

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

6